IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY W. TARVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:20-CV-690-WKW ) [WO] |
| SUSAN A. TARVER, | ) ) |
| Defendant. | ) |

## **ORDER**

Before the court is Defendant's motion to dismiss (Doc. # 12), to which Plaintiff responded in opposition (Doc. # 14.)  The motion is due to be granted.

Timothy Tarver, a United States Armed Forces veteran, is distressed over a 2012 state court divorce decree awarding his former wife, Susan A. Tarver, one-half of his veteran disability benefits.  He contends, and has for nearly a decade, that the state court's order is dead wrong, and he argues that Supreme Court precedent and a federal statute prove it.  (*See* Compl. ¶¶ 9, 22–33 (Doc. # 1).)  He thus argues that Ms. Tarver "had no 'interests' in the veterans' disability at the time of the divorce judgment in 2012."  (Compl. ¶ 51; *see also* Compl. ¶ 57 ("[U]nder the errant state judgment the Veteran paid these monies to the Defendant under the illegal order of 2012 and under threat of contempt.").)  This is the fourth lawsuit filed in this court,

three of which have named Susan A. Tarver as the defendant,[1] and Mr. Tarver has initiated even more suits in state court.

The suit is little different from the others filed in this court. At bottom, the relief he seeks is a ruling that in substance amounts to appellate review of the state court judgment rendered against him. (*See, e.g.*, Compl., at 28 (requesting "an order declaring that the state's conduct violates 38 U.S.C. § 5301").) The court consistently has concluded that *Rooker-Feldman* barred his former suits filed here, and it bars this suit as well. *See Tarver v. Tarver*, No. 2:15-CV-959-TFM, 2016 WL 1167245, at *2 (M.D. Ala. Mar. 25, 2016) ("*Rooker-Feldman* doctrine deprives this court of jurisdiction over the Tarvers' lawsuit. It is undisputed that the former husband lost in state court and that the Certificate of Judgment was issued in the Alabama Supreme Court on February 27, 2015."); *Tarver v. Tarver*, No. 2:16-CV-715-TFM, 2016 WL 7015645, at *2 (M.D. Ala. Nov. 30, 2016) (same); *see also Tarver v. Reynolds*, No. 19-1358, slip op. at 3–4 (11th Cir. Mar. 31, 2020) ("Tarver repeatedly argued in state court that Judge Reynolds lacked jurisdiction under federal law to divide his disability benefits. He makes the same argument here. . . . Dismissal under *Rooker-Feldman* was appropriate.").

---

[1] Mr. Tarver filed the other suit against Judge Sibley G. Reynolds of the Circuit Court of Elmore County. Judge Sibley presided over the Tarvers' divorce proceeding and entered the Final Decree of Divorce (Doc. # 1-2).

2

Mr. Tarver "cannot come to federal district court[] 'complaining of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced and inviting district court review and rejection of th[at] judgment[]." *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (alterations added). This point need not be belabored.

Alternatively, should jurisdiction lie, the state court judgment (*see* Doc. # 1-2) and the federal judgment, *see Tarver v. Tarver*, No. 2:16cv715-TFM (M.D. Ala. Dec. 15, 2016) (final judgment), bar this action under principles of *res judicata* and collateral estoppel. (*See* Doc. # 12, at 16–21 (raising and discussing these two defenses).) Mr. Tarver's sole argument against *res judicata* is that the state court presiding over his divorce proceedings was not a court of competent jurisdiction because it lacked subject matter jurisdiction. (Compl. ¶ 64.) The Eleventh Circuit rejected this argument in a prior appeal. *See Tarver v. Reynolds*, No. 19-1358, slip op. at 5 (11th Cir. Mar. 31, 2020) ("Judge Reynolds had subject-matter jurisdiction over Tarver's case."). It is rejected here.

Based on the foregoing, it is ORDERED that Defendant's motion to dismiss (Doc. # 12) is GRANTED and that this action is DISMISSED for lack of jurisdiction under the *Rooker-Feldman* doctrine.

Final judgment will be entered separately.

DONE this 28th day of September, 2021.

                                                    /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE